```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

HOWARD LEVENTHAL,            )
                             )
          Petitioner,        )
                             )
     v.                      )     No. 09 C 1929
                             )
MARY HANDELAND,              )
                             )
          Respondent.        )

## MEMORANDUM OPINION AND ORDER

On March 30 nonlawyer Howard Leventhal ("Leventhal") submitted a self-prepared prolix filing in an effort to bring two divorce actions in which he is the respondent (Circuit Court of Lake County Case Nos. 05 D 808 and 99 D 671) from the state court system to this District Court via removal. There are a number of fatal flaws in that effort, but this sua sponte memorandum opinion and order limits itself to matters that conclusively negate federal subject matter jurisdiction (although Leventhal should not assume that, even if he were somehow able to surmount those defects, he could still bring the state court lawsuits into the federal court system).[1]

It is black-letter law that removal to the federal court

---

[1] This should not be mistaken as unduly critical of Leventhal. There is no question that he sincerely feels aggrieved by the actions of the state courts, but simply being aggrieved cannot substitute for his required compliance with the standards for invocation of federal jurisdiction--matters that are sufficiently complex so that they may often be misunderstood even by those trained in the law (see this Court's article, Traps for the Unwary in Removal and Remand, 33 Litigation No. 3, at 43 (2007)).

must be based on a federal claim advanced by a state court <u>plaintiff</u>, not on a purported federal question raised by a defendant in opposition to that claim.  Although that proposition has been established and repeated by a host of cases (including one decided less than a month ago by the Supreme Court, <u>Vaden v. Discover Bank</u>, 77 U.S.L.W. 4201, 4204 (U.S. 2009)), none states the matter more succinctly than the two-decades-old unanimous opinion in <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 399 (1987)(footnote omitted, emphasis in original):

> But a <u>defendant</u> cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be master of nothing.  Congress has long since decided that federal defenses do not provide a basis for removal.

It is of course beyond cavil that the removal respondent--Mary Handeland, Leventhal's adversary and the petitioner in the state court divorce proceeding--has advanced and is advancing only state law claims there.

Indeed, Leventhal himself effectively acknowledges that to be the situation:  His notice of removal seeks to assert, as the alleged ground for federal judicial relief, that he has suffered a deprivation of his constitutional rights in the state court proceedings, purportedly actionable under 42 U.S.C. §1983.  As he says in Petition ¶7:

This Petition for Removal seeks protection from

> unlawful orders by the state court falsely imprisoning Leventhal and forcing Leventhal to pay impossible bonds or remain jailed or be jailed again. The Wrongful Detention (false imprisonment) of Leventhal violated numerous federally guaranteed civil rights of Leventhal.[2]

That simply won't cut it as a basis for removal. Moreover, to the extent that Leventhal seeks to complain of actions taken by the state trial court judge and upheld by the Illinois Appellate Court, what has been said to this point makes it unnecessary to discuss the potential applicability of judicial immunity principles under federal law--whatever remedy Leventhal may have to "correct" those judicial actions must be obtained via further appeal in the state court judicial system, not by asking this federal court to take his case out of the hands of that system.

Nothing said here is intended to express any view as to the merits of Leventhal's claims in connection with his divorce proceedings. Quite apart from the general federal judicial hands-off doctrine as to domestic relations matters, Leventhal has simply failed to establish any basis for subject matter jurisdiction via removal.

Accordingly, as 28 U.S.C. §1447(c) puts it, it plainly

---

[2] [Footnote by this Court] Relatedly, Leventhal overreads the special removal provisions of 28 U.S.C. §1443, as to which both the statutory background and the uniform caselaw support its use as being limited to what the statutory caption refers to as "Civil Rights Cases."

"appears that the district court lacks subject matter jurisdiction," and the case is ordered remanded to the state court system pursuant to that statutory provision.  It is further ordered that the certified copy of the remand order shall be mailed forthwith by the Clerk of this District Court.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  April 3, 2009